NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MICHAEL R. SEW HOY (Cal. Bar No. 243391)
Assistant United States Attorney
Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-3314
    Facsimile: (213) 894-0142
    E-mail: Michael.R.Sew.Hoy@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY 205,850 PLASTIC BAGS,<br><br>    Defendant. | NO. CV 2:19-05218<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>19 U.S.C. § 1595a(c)(2)(A)<br><br>[C.B.P.] |

For its claim against defendant Approximately 205,850 Plastic Bags, described more specifically below, plaintiff United States of America alleges as follows:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 19 U.S.C. § 1595a(c)(2)(A).

2. This Court has jurisdiction over the matter under 18 U.S.C. §§ 1345 and 1355.

1

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is Approximately 205,850 Plastic Bags ("defendant" or "defendant plastic bags") and consists of approximately 205,850 plastic bags that were contained within the shipment presented for entry into the United States of America at the Los Angeles/Long Beach seaport on or about June 27, 2018 as Entry Number 700-45021808.

6. The defendant was seized on or about July 13, 2018 by the U.S. Customs and Border Protection ("CBP") and is currently in the custody of CBP in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Blue Jay Group, LLC, Blue Jay Screen Printing and Kettle River Cannabis Company may be adversely affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

8. The defendant was expected to arrive on or about June 10, 2018 via ship at the Los Angeles/Long Beach seaport within a shipment originating in Baoding, China. On or about June 27, 2018, Charles M. Schayer & Company, acting as attorney in fact for the importer of record, submitted Entry Number 700-45021808 to CBP, pursuant to which the importer Blue Jay Group, LLC, sought to import the shipment containing the defendant into the United States. The entry documents and information submitted to CBP included, among other things, a commercial invoice, packing list, bill of lading and an arrival notice. Those documents and information submitted to CBP identified Xiongxian Juren Paper and Plastic Packing Co., Ltd. as the defendant's seller and entity that had shipped the defendant from China; Blue Jay Group, LLC or Blue Jay Screen Printing as the shipment's buyer, importer and ultimate consignee; and Charles M. Schayer & Company as the customs broker acting as the importer Blue Jay Group, LLC's

1  attorney of record relative to submitting the entry documents and information to
2  CBP.
3     9.   In addition, the completed formal entry form identified the defendant
4  as "Sacks/Bags Plastic Ethylen" with a declared value of $2,740.00, while the
5  invoice, packing list and bill of lading collectively provided that the items sought
6  to be imported were 41 cartons housing 200,000 plastic bags.  On or about June 21,
7  2018, CBP examined the shipment containing the defendant.
8     10.   Based upon the examination, CBP determined that the defendant
9  constituted drug paraphernalia and was therefore illegal to import into the United
10 States.  On or about June 26, 2018, CBP detained the defendant and on or about
11 July 13, 2018, CBP formally seized the defendant.
12    11.   The facts show that the defendant constitutes drug paraphernalia,
13 because the defendant plastic bags (1) prominently display logos that reference
14 "weed" or "cannabis" and identify illustrations of marijuana; (2) include product
15 language that is associated with the marijuana industry; (3) set forth a weight
16 amount on each plastic bag, so consumers know how much marijuana is contained
17 inside the bag; and (4) contain disclaimers on the back of each plastic bag that
18 deliberately and methodically inform potential consumers of the plastic bag's
19 contents and the adverse health consequences of using marijuana.
20    12.   More specifically, the defendant consists of two different types of
21 plastic bags.  One type prominently displays logos that reference "weed" and
22 contains an illustration of marijuana leaves juxtaposed with the product word
23 description "Bag O' Weed."  This type of defendant plastic bag is displayed below:



13. The other version of plastic bags contains a product word description, which reads "Evolution Cannabis Co" and is accompanied by a cartoon of a chimpanzee smoking an unknown substance. The second type of plastic bag is displayed below:



14. In additon, each defendant plastic bag references a specific weight (*e.g.*, 1 gram, 1/8 oz., 1/4 oz., 1/2 oz., and 1 oz.), which informs the customer of the weight of the contents on each plastic bag (and therefore the quantity of marijuana inside the bag that the consumer is purchasing). With respect to the approximately 205,850 plastic bags that comprise the defendant, the style of plastic

5

bags, the weight of the plastic bags, and the total number of each plastic bag of a specific weight, is set forth below:

| Style | Total |
|---|---|
| Evolution – orange (1 gram bags) | 49,800 |
| Evolution – green (1/8 oz. bags) | 49,800 |
| Evolution – orange (1/2 oz. bags) | 22,500 |
| Bag O' Weed (1/2 oz. bags) | 19,200 |
| Bag O' Weed (1 oz. bags) | 24,800 |
| Evolution – green (1 oz. bags) | 20,000 |
| Evolution - dark orange (1/4 oz. bags) | 19,750 |
| Total | 205,850 |

15. Further, the back of each defendant plastic bag is in all capital letters, mentions the word marijuana, and contains the following disclaimer:

> THIS PRODUCT HAS INTOXICATING EFFECTS AND MAY BE HABIT FORMING.  SMOKING IS HAZARDOUS TO YOUR HEALTH.  THERE MAY BE HEALTH RISKS ASSOCIATED WITH CONSUMPTION OF THIS PRODUCT.  SHOULD NOT BE USED BY WOMEN THAT ARE PREGNANAT OR BREAST FEEDING.  FOR USE ONLY BY ADULTS TWENTY-ONE AND OLDER.  KEEP OUT OF REACH OF CHILDREN.  MARIJUANA CAN IMPAIR CONCENTRATION, COORDINATION, AND JUDGMENT.  DO NOT OPERATE A VEHICLE OR MACHINERY UNDER THE INFLUENCE OF THIS DRUG.  NO PESTICIDES WERE USED DURING THE PRODUCTION OF THIS MARIJUANA.

16. Each defendant plastic bag is also equipped with a ziplock-like seal that prevents foreign substances from contaminating the contents of the defendant plastic bags and preserves the freshness of the contents (*i.e.*, marijuana) of the defendant plastic bags.

17. CBP appraised the defendant plastic bags at $3,200.00, while, as mentioned above, the entry documents reflected that the importer declared that the product's value was $2,740.00.

18. Taken in totality, the language on the defendant demonstrates the plastic bags were designed as drug paraphernalia intended to be used as containers for illegal narcotics. As mentioned above, both versions of the plastic bags reference cannabis, weed, and/or marijuana, which would cause a reasonable customer to infer that the bags would contain or are intended to contain marijuana.

19. In response to a notice of seizure that contained an election of proceedings form and was sent by CBP to Blue Jay Group, LLC, that company responded by advising CBP that Blue Jay Group, LLC abandoned the defendant and requested that CBP commence administrative forfeiture proceedings relative to the defendant, meaning that Blue Jay Group, LLC, which is explicitly identified as the sole importer in the entry documents, consented to the forfeiture of the defendant.

20. However, by letter dated September 11, 2018, an entirely different company (*i.e.*, Kettle River Cannabis Co.) submitted to CBP a claim to the defendant, and requested that CBP refer the matter to the United States Attorney's Office for that office to commence judicial forfeiture proceedings and obtain a judicial determination regarding the government's right to forfeit the defendant.

21. On or about April 10, 2019, Kettle River Cannabis Co. filed an action for the return of the defendant. See, In re Return Of Seized 200,000 Plastic Bags, Case No. 19-CV-02740-FMO(MAAx). The action filed by Kettle River Cannabis Co. is related to the instant action, as both involve the defendant plastic bags.

## CLAIM FOR RELIEF

22. Based on the facts set forth above, plaintiff alleges that there is probable cause to believe that defendant is merchandise introduced or attempted to be introduced into the United States of America contrary to 21 U.S.C. § 863(a)(3)

(prohibiting importation of drug paraphernalia) and its importation or entry is subject to restrictions or prohibitions imposed by law relating to health, safety or conservation and the defendant is not in compliance with those rules, regulations or statutes.  The defendant is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(A).

WHEREFORE, plaintiff United States of America prays:

(a)	that due process issue to enforce the forfeiture of the defendant;

(b)	that due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed;

(c)	that this Court decree forfeiture of the defendant to the United States of America for disposition according to law; and

(d)	for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: June 14, 2019

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

     /s/
_____
MICHAEL R. SEW HOY
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Andrew V. Sperry, hereby declare that:

1. I am the Acting Fines, Penalties & Forfeitures Officer (Los Angeles), Office of Field Operations, U.S. Customs and Border Protection.

2. I have read the above Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or was obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 14, 2019 at Long Beach, California.

_____
Andrew V. Sperry